UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE L. GORMAN,                )
                                )
        Plaintiff,               )
                                )    CAUSE NO. 3:15-CV-312 WL
    vs.                          )
                                )
BRUCE LEMMON, *et al.*,          )
                                )
        Defendants.              )

OPINION AND ORDER

Andre L. Gorman, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Gorman is currently confined at the Westville Correctional Facility ("Westville"). He alleges that on October 7, 2013, a race riot broke out between white and black inmates at Westville. After this incident, Superintendent Mark Levenhagen, with the approval from Commissioner Bruce Lemmon, activated the Custody Supervision Emergency Squad[1] to restore order. The white offenders involved in these altercations were removed from their dorms, segregated from the rest of the prison population, and placed in the gymnasium and holding cells throughout the complex. Andrew Thode was a correctional officer at Westville and a member of the Emergency Squad.

Two days later, on October 9, 2013, Gorman asked Officer Thode if he and other offenders could enter the dayroom to watch television. Officer Thode denied Gorman's request and an argument between the two ensued. Officer Thode placed Gorman in restraints, removed him from the dorm and took him to Post 2. There were two holding cells at Post 2, one large area where some of the white offenders from the riot were being housed and a vacant single cell. Officer Thode uncuffed Gorman and ordered him to enter into a cell. Gorman went into the vacant cell, but Officer Thode ordered him to go into the area with the white offenders. Gorman refused, but Officer Thode forced him into that area. Those white offenders assaulted Gorman.

Gorman submitted a grievance about this incident to Timothy Bean. However, Bean did not process his grievance. Gorman then attempted to complain to Bean's supervisor, David Leonard, but Leonard would not speak with him about it.

Gorman has brought suit against Bruce Lemmon, Mark Levenhagen and Andrew Thode for money damages for failing to protect him from being assaulted. He also brings suit against

---

[1] This is apparently a squad comprised of specially trained correctional officers.

Tim Bean and David Leonard for money damages for denying him the right to be heard through the grievance process.

To start, Gorman alleges Officer Thode failed to protect him from being attacked by other inmates on October 9, 2013. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). However, general requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). Moreover, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

It is possible that Officer Thode was not deliberately indifferent because he did not believe placing Gorman in the area with white offenders would result in an assault on Gorman. However, the facts as alleged plausibly show that Officer Thode had the facts necessary to realize that Gorman was in imminent danger and that he deliberately disregarded that risk. Therefore Gorman will be permitted to proceed against Officer Thode.

As to Levenhagen and Lemmon, Gorman alleges generally that they were aware of the racial tension in the prison following the race riot. However, knowledge of the general risk of violence in a correctional facility is insufficient to support a failure to protect claim. *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Gorman does not allege, nor can it be plausibly inferred, that either Levenhagen or Lemmon was personally involved in Gorman's move to a different cell, or that Gorman personally advised either of them that he was concerned for his

safety. Gorman may be trying to hold Levenhagen and Lemmon liable because they supervise Officer Thode, but there is no general *respondeat superior* liability under Section 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Levenhagen and Lemmon can only be held liable for their own misconduct, not for an act or omission of another prison employee. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (under 42 U.S.C. § 1983 government actors can be held liable only for their "own misdeeds . . . not for anyone else's.").

Although unclear, Gorman may also be trying to claim that Levenhagen and Lemmon did not do enough to separate members of the different groups. However, high-ranking officials cannot be held liable for failure to protect based solely on an allegation that the prison's classification system was inadequate. *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000). The relevant standard is deliberate indifference and not negligence. *Id.* Thus, to state a claim, the plaintiff must allege that the official failed to implement an adequate classification system "with the motive of allowing or helping prisoners to injure one another." *Id.* Gorman's general allegations about Levenhagen and Lemmon fall far short of this standard. Accordingly, they will be dismissed as defendants.

Finally, Gorman complains about how Timothy Bean and David Leonard handled his grievances over this incident. Nevertheless, neither of these defendants can not be liable simply because they participated in addressing or denying Gorman's grievances. *Burks*, 555 F.3d at 595-96. Prison grievance procedures "do not give rise to a liberty interest protected by the Due Process Clause." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).  As a result, Gorman's complaints about how these two handled his grievances do not state a constitutional claim.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For the foregoing reasons, the court:

(1) **GRANTS** Andre L. Gorman leave to proceed against Andrew Thode in his individual capacity for compensatory and punitive damages for failing to protect him from attack by inmates on October 9, 2013, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Bruce Lemmon, Mark Levenhagen, Tim Bean and David Leonard;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Andrew Thode to the United States Marshals Service along with a copy of the complaint (DE 1) and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Andrew Thode; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Andrew Thode respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 25, 2015

 s/William C. Lee  
William C. Lee, Judge  
United States District Court